**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DREW WEBSTER, Individually and for Others Similarly Situated,** | **CASE NO. 22-cv-4388** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **THE SALEM GROUP, INC.** | |
| **Defendant.** | |

**ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT**

**I. SUMMARY**

1.      Plaintiff Drew Webster (Webster) brings this hybrid class and collective action under Fed. R. Civ. P 23 and 216(b) of the FLSA to recover unpaid overtime wages and other damages from Defendant the Salem Group, Inc. (Salem) individually and on behalf of all others similarly situated under the Fair Labor Standards Act (FLSA) (29 U.S.C. § 201 *et seq.*), New York Labor Law (NYLL) (§§ 190 and 650 *et seq.*), and Illinois Minimum Wage Law (IMWL) (820 ILCS 105/1 *et seq.*).

2.      Webster worked for Defendant under a variety of job titles, including Right of Way Agent.

3.      Webster and the Class Members (as defined below) regularly worked more than 40 hours a week.

4.      But the Class Members never received overtime compensation for hours worked in excess of 40 hours in a single workweek.

5.      Instead of receiving overtime compensation as required by the FLSA, NYLL, and the IMWL, these workers received a flat amount for each day worked (a "day rate") without overtime compensation.

6.      Webster and the Class Members never received a guaranteed salary while receiving a day rate.

7.      This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Salem operates in this District and Division and because a substantial portion of the events giving rise to this action occurred in this District.

## III. THE PARTIES

10.     Webster was employed by Defendant from approximately 2012 until 2021.

11.     Throughout his employment with Defendant, Webster was paid a day rate with no overtime compensation.

12.     Webster brings this action individually and on behalf of all other similarly situated Right of Way Agents who were paid through Defendant's day rate system in violation of the FLSA, NYLL, and the IMWL (collectively referred to as the Class Members).  Webster's consent form is attached hereto as Exhibit A.

13.     Each of these workers received a flat amount for each day worked and did not receive overtime compensation for hours worked in excess of 40 in a workweek in accordance with the FLSA, NYLL, and the IMWL.

14.     The collective of similarly situated workers—or FLSA Class Members sought to be certified is defined as follows:

2

**All Right of Way Agents who worked for, or on behalf of, Salem who were paid a day rate with no overtime compensation in the past three years. (FLSA Class Members).**

15. Webster also seeks class certification of a class under Fed. R. Civ. P. 23 under the NYLL, defined as follows:

**All Right of Way Agents who worked for, or on behalf of, Salem who were paid a day rate with no overtime compensation in the past three years in New York (NY Class Members).**

16. Webster also seeks class certification of a class under Fed. R. Civ. P. 23 under the IMWL, defined as follows:

**All Right of Way Agents who worked for, or on behalf of, Salem who were paid a day rate with no overtime compensation in the past three years in Illinois (IL Class Members).**

17. The Class Members are easily ascertainable from Defendant's business and personnel records.

18. The Salem Group, Inc. is an Illinois corporation and may be served with process by serving its registered agent: David Schlack, 53 W. Jackson Blvd, Suite 1142 Chicago, IL 60604.

## IV. COVERAGE UNDER THE FLSA, NYLL, AND IMWL

19. At all times hereinafter mentioned, Salem has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, Salem has been an employer within the meaning of the NYLL and the IMWL.

21. At all times hereinafter mentioned, Salem has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Salem has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23.     At all times hereinafter mentioned, Webster and the Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

24.     Salem is an independent right of way and land management consulting company that provides Right of Way project management, title, permitting & acquisition, employee training, staffing, and regulatory consultation regarding FERC.[1]

25.     Salem operates throughout the United States, including New York and Illinois. To complete its business objectives, Salem hires workers, such as Webster, to perform right of way services.

26.     These workers make up the proposed collective of the Class Members. While exact job titles and job duties may differ,[2] these employees are subjected to the same or similar illegal pay practices for similar work.

27.     Webster is one of these employees who performed right of way services.

28.     Webster worked for Defendant from 2012 until 2021.

29.     Throughout his employment with Salem, Salem paid Webster on a day rate basis.

30.     Webster and the Class Members work for Salem under its day rate pay scheme.

31.     Webster and the Class Members do not receive a salary.

---

[1] *See* https://saleminc.com/about-us/our-companies/salem-professional-services-group-0/ (last visited August 9, 2022).
[2] Other related job titles include: Landman, Acquisition Agent, Title Abstracter, and Land Agent.

32.     If Webster and the Class Members did not work, they did not get paid.

33.     Webster and the Class Members receive a day rate.

34.     Webster and the Class Members do not receive overtime pay.

35.     This is despite the fact Webster and the Class Members often worked ten or more hours a day, for 5 days a week, for weeks at a time.

36.     For example, Webster received a day rate for each day he worked for Salem.

37.     Although he typically worked five days a week, for ten or more hours a day, he did not receive any overtime pay.

38.     Webster and the Class Members received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

39.     Webster and the Class Members do not, and never have, received guaranteed weekly compensation from Salem irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

40.     Webster and the Class Members work in accordance with the schedule set by Salem and/or its clients.

41.     Webster's work schedule is typical of the Class Members.

42.     Salem controls Webster and the Class Members' pay.

43.     Likewise, Salem and/or its clients control Webster and the Class Members' work.

44.     Salem requires Webster and the Class Members to follow Salem and/or its clients' policies and procedures.

45.     Webster and the Class Members' work must adhere to the quality standards put in place by Salem and/or its clients.

46.     Webster and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their

job duties.

47.     As a Right of Way Agent, Webster was responsible for reviewing public records to determine property ownership, adhering to safety standards and procedures, documenting communication with landowners, and reviewing easements.

48.     All of Salem's Class Members perform similar duties, including reviewing easement agreements and proof of title, ensuring work is done according to established safety guidelines, specifications, and restrictions.

49.     Webster and the Class Members provide documents related to land acquisition and easement agreements to Salem (and/or its clients') personnel.

50.     At all relevant times, Salem and/or its clients maintained control over Webster and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

51.     Webster and the Class Members do not have the power to hire or fire any employees.

52.     Webster's working relationship with Salem is similar to Salem's relationship with its other Class Members.

53.     Salem knew Webster and the Class Members worked more than 40 hours in a week.

54.     Defendant's failure to pay overtime to Webster and the Class Members was, and is, a willful violation of the FLSA, NYLL, and the IMWL.

**VI. COLLECTIVE & CLASS ACTION ALLEGATIONS**

55.     Webster brings his claim under the FLSA as a collective action, as well as the NYLL and IMWL as a class action. The Class Members are similarly situated to Webster in all relevant respects.

56.     The Class Members were victimized by Defendant uniform day rate pay policy which is in violation of the FLSA, NYLL, and the IMWL.

57.     Other Class Members worked with Webster and indicated they were paid in the same

6

manner (day rate without overtime compensation).

58. Other Class Members worked with Webster, and they performed similar right of way services for Defendant.

59. Indeed, other Class Members worked with Webster, and, regardless of their precise job title, their job duties were to perform right of way services in accordance with Defendant's policies, procedures, plans, and regulations.

60. Based on their experiences with Defendant, Webster is aware that Defendant's illegal day rate pay plan was imposed on the Class Members.

61. The Class Members are similarly situated in all relevant respects.

62. Even if their precise job duties varied somewhat, these differences do not matter for the purpose of determining their entitlement to overtime compensation.

63. All the Class Members were paid a day rate without overtime compensation.

64. All of the Class Members worked for Defendant in New York and/or Illinois and were based out of New York and/or Illinois while they worked for Defendant.

65. The illegal day rate pay plan that Defendant imposed on Webster was likewise imposed on all Class Members.

66. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, NYLL, and the IMWL.

67. The Class Members were similarly denied overtime compensation when they worked more than 40 hours per week.

68. The overtime compensation owed to Webster and the Class Members will be calculated using the same records.

69. The overtime compensation owed to Webster and the Class Members will be calculated using the same formula.

70.     Webster's experiences are therefore typical of the experiences of the Class Members.

71.     The specific job titles or precise job locations of the various members of the class do not prevent a class action.

72.     Webster has no interest contrary to, or in conflict with, the Class Members that would prevent a class action.

73.     Like each Class Member, Webster has an interest in obtaining the unpaid overtime wages owed under the FLSA, NYLL, and the IMWL.

74.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75.     Absent a class action, many Class Members will not obtain redress of their injuries.

76.      Absent a class action, Defendant will reap the unjust benefits of violating the NYLL & IMWL.

77.     Further, even if some of the Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

78.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Class Members, as well as provide judicial consistency.

79.     The questions of law and fact that are common to each Class Member predominate over any questions affecting solely the individual members.

80.     Among the common questions of law and fact are:

  a.   Whether Defendant's decision to pay a day rate with no overtime compensation violated the FLSA;

  b.   Whether Defendant's decision to pay a day rate with no overtime compensation violated the NYLL;

  c.   Whether Defendant's decision to pay a day rate with no overtime compensation violated the IMWL;

  d.   Whether Defendant's decision to pay a day rate with no overtime compensation to these workers was made in good faith; and

      e. Whether Defendant's illegal pay practice applied to all Class Members.

81. Webster and the Class Members sustained damages arising out of Defendant's illegal and uniform compensation policy.

82. Webster knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

83. Defendant is liable under the NYLL & IMWL for failing to pay overtime compensation to Webster and the Class Members.

84. Consistent with Defendant's illegal day rate pay plan, Webster and the Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

85. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the NYLL & IMWL with respect to Webster and the Class Members.

86. Defendant's illegal day rate pay plan deprived Webster and the Class Members of the premium overtime wages they are owed under New York law.

87. Defendant was aware, or should have been aware, that the NYLL & IMWL required them to pay Webster and the Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

88. There are at least 100 similarly situated Class Members who have been denied overtime pay during the relevant time period in violation of the FLSA, NYLL, and IMWL who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

89. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## VII. VIOLATIONS OF THE FLSA

90.     Webster brings this claim under the FLSA as a collective action.

91.     By failing to pay Webster and those similarly situated to him overtime compensation at one-and-one-half times their regular rates, Salem violated the FLSA's overtime provisions.

92.     As set forth herein, Salem has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

93.     Salem knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Webster and the Class Members overtime compensation. Salem's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime wages made in good faith.

94.     Accordingly, Webster and the Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

95.     Webster and the Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from Salem.

## VIII. VIOLATIONS OF THE NYLL

96.     Webster brings this claim under the NYLL as a class action.

97.     The conduct alleged violates the NYLL (§§ 190 and 650 *et seq.*).

98.     At all relevant times, Defendant was subject to the requirements of the NYLL.

99.     At all relevant times, Defendant employed Webster and each Class Member with New York state law claims as an "employee" within the meaning of the NYLL.

100.    Webster and the Class Members all worked for Defendant in New York and/or were based out of New York while working for Defendant.

101.    The NYLL requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Webster and the Class Members are entitled to overtime pay under the NYLL.

102.    Defendant had a policy and practice of not paying a guaranteed salary to Webster and each Class Member.

103.    Webster and each Class Member seek unpaid overtime wages in an amount equal to 1.5 times their regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

104.    Webster and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the NYLL.

## IX. VIOLATIONS OF THE IMWL

105.    Webster brings this claim under the IMWL as a class action.

106.    The conduct alleged violates the IMWL (820 ILCS 105/1 et seq.).

107.    At all relevant times, Defendant was subject to the requirements of the IMWL.

108.    At all relevant times, Defendant employed Webster and each Class Member with Illinois state law claims as an "employee" within the meaning of the IMWL.

109.    Webster and the Class Members all worked for Defendant in Illinois while working for Defendant.

110. The IMWL requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Webster and the Class Members are entitled to overtime pay under the IMWL.

111. Defendant had a policy and practice of not paying a guaranteed salary to Webster and each Class Member.

112. Webster and each Class Member seek unpaid overtime compensation in an amount equal to 1.5 times their regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

113. Webster and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the IMWL.

## X. JURY DEMAND

114. Plaintiff demands a trial by jury.

## XI. RELIEF SOUGHT

115. WHEREFORE, Plaintiff Drew Webster prays for judgment against Defendant Salem as follows:

    a. For An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Webster and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order certifying the NY Class pursuant to Fed. R. Civ. P. 23.

    d. For an Order pursuant to NYLL finding Defendant liable for unpaid back wages due to Webster and all the Class Members,

attorney fees, costs, penalties, and pre- and post-judgment interest at the highest rates allowed by law; and

e. For an Order certifying the IL Class pursuant to Fed. R. Civ. P. 23.

f. For an Order pursuant to IMWL finding Defendant liable for unpaid back wages due to Webster and all the Class Members, attorney fees, costs, penalties, and pre- and post-judgment interest at the highest rates allowed by law; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 18, 2022

Respectfully submitted,

/s/Douglas M. Werman
**Douglas M. Werman**
**Maureen A. Salas**
**WERMAN SALAS P.C.**
77 W Washington St, Ste 1402
Chicago, IL 60602
Phone: (312) 419-1008
Fax: (312) 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com

**Michael A. Josephson**
Texas Bar No. 24014780
(*Pro Hac Vice Forthcoming*)
**Andrew W. Dunlap**
Texas Bar No. 24078444
(*Pro Hac Vice Forthcoming*)
**Taylor S. Montgomery**
Texas Bar No. 24106326
(*Pro Hac Vice Forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*Pro Hac Vice Forthcoming*)

13

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**